```
            UNITED STATES DISTRICT COURT
              DISTRICT OF MASSACHUSETTS
```

| | |
|---|---|
| JONATHAN CASTRO, | ) |
| | ) |
|     Petitioner, | ) |
| | ) |
|     v. | )  C.A. No. 23-10643-WGY |
| | ) |
| NELSON B. ALVES, | ) |
| Superintendent, | ) |
| | ) |
|     Respondent. | ) |
| | ) |

## ORDER

**July 10, 2023**

YOUNG, D.J.

    Jonathan Castro, who is incarcerated at MCI Norfolk, has filed a petition for a writ of habeas corpus ordering that he "may not be arrested upon a warrant of deportation, if and when he is paroled on the 2nd Degree Life sentence he is now serving in prison." Pet. at 1. Castro is not challenging the validity of his state court conviction. For the reasons stated below, the Court DENIES the petition without prejudice.

    In his petition, Castro represents that he "received an Affidavit from the Assistant District Attorney of Suffolk County in which he acknowledges that upon being returned to El Salvador the petitioner's life is in danger from certain 'gang members.'" Id. at 2. Castro is under the impression that he is subject to

removal and that "this case qualifies for the Convention Against Torture (C.A.T.) relief." Id.

An exhibit to the complaint shows that, on August 15, 2022, Castro represented to the prison record manager that, when he was convicted on the charge of second-degree murder, "an Immigration Detainer lodged against [him] for deportation." Pet. Ex. B.  In the same document, Castro asked for a copy of the detainer because he "intend[s] to retain counsel for asylum purposes." Id.  Another exhibit to the petition indicates that, in October 2022, Castro made a FOIA request with United States Citizenship and Immigration Services ("ICE") for "a copy of any and all Immigration warrants for [his] deportation to El Salvador."  Pet. Ex. D.  On January 24, 2023, the agency informed Castro that it could not locate any documents responsive to his request.  See Pet. Ex. E.

The Court must deny Castro's petition because he is not "in custody" for purposes of his habeas petition.  Habeas corpus review is available under if a person is "in custody in violation of the Constitution or laws or treaties of the United States."  28 U.S.C. § 2241(c)(3) (emphasis added).  To be sure, Castro is "in custody" because he is serving a prison sentence.  However, Castro is not challenging his custody in a state prison.  Rather, he is seeking habeas relief on the ground that ICE has lodged a detainer against him.  "Filing a detainer is an

2

informal procedure in which [ICE] informs prison officials that a person is subject to deportation and requests that officials give [ICE] notice of the person's death, impending release, or transfer to another institution." Zolicoffer v. U.S. Dep't of Justice, 315 F.3d 538, 540 (5th Cir. 2003) (quoting Giddings v. Chandler, 979 F.2d 1104, 1005 n.3 (5th Cir. 1992)).  The mere existence of an ICE detainer does not place the subject of the detainer "in custody" for habeas purposes. See id. at 541 (agreeing with the "majority of circuit courts" that "prisoners are not 'in custody' for purposes of 28 U.S.C. § 2241 simple because [ICE] has lodge a detainer against them"); see also Cabrera v. Tramell, 488 Fed. App'x 294, 295-96 (10th Cir. 2012); Adams v. Apker, 148 Fed. App'x 93, 95 (3d Cir. 2005).

    Accordingly, the petition for a writ of habeas corpus is DENIED without prejudice and this action is DISMISSED.  As the law is clear, no certificate of appealability shall issue.

    SO ORDERED.

    /s/ William G. Young
WILLIAM G. YOUNG
UNITED STATES DISTRICT JUDGE